■    MARKCEIL REALTY CORP., Respondent, v. MANO MIHALY, Appellant.— Determination of Appellate Term affirmed, with costs to the respondent. The determination appealed from reversed an order of the Municipal Court in favor of the tenant in a summary proceeding. The tenant took possession as assignee of a lease executed in 1949 which recited that a reasonable rent agreement between the landlord and the tenant's assignor had fixed the reasonable rent at

$100 a month, the amount reserved in the lease. (Emergency Business Space Rent Control Law, § 4, subd. 3; L. 1945, ch. 314, as amd.) But the lease pursuant to which the tenant-appellant as assignee took possession expired September 30, 1952; and thereafter, and at the time here in issue when the landlord demanded a higher rental, in March, 1960, the tenant was a statutory holdover. The question presented is whether the "reasonable rent" fixed by the agreement of 1949 under subdivision 3 of section 4 was in 1960 the "emergency rent"; or whether the "emergency rent" was then to be determined in pursuance of subdivision (c) of section 2. The rent reserved under a fair rental agreement in pursuance of subdivision 3 of section 4 "shall be" the "emergency rent" until and unless superseded by "a new agreement" or by arbitration, or by the Supreme Court (subd. 6). But in 1957 the provisions of subdivision (c) of section 2 were enacted (L. 1957, ch. 452) to redefine "emergency rent" as the rent payable June 1, 1944 plus 50 per centum of such rent. The resulting inconsistency in the two sections of the statute must be resolved by regarding the definition of emergency rent in the latest legislative enactment controlling in 1960. The lease in connection with which the 1949 reasonable rent agreement had been made had expired long before 1960; the tenant was a statutory tenant at that time, subject to an "emergency rent" which seems to us determinable by subdivision (c) of section 2 which had superseded the prior "emergency rent" resulting from agreement. Concur — Rabin, Stevens and Bergan, JJ.; Breitel, J. P. and McNally, J., dissent in the following memorandum: We dissent and vote to reverse the determination of the Appellate Term and reinstate the final order of the Municipal Court in favor of tenant appellant, on the ground that the emergency rent was determined by the reasonable rent fixed in the prior lease between the landlord and the predecessor tenant.